IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DAVID TULIO RODRIGUEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:12-CV-187 |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Institutional Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Came for consideration the Petition for Writ of Habeas Corpus by a Person in State

Custody filed by Petitioner DAVID TULIO RODRIGUEZ.  By his habeas application, petitioner

challenges his September 16, 2009 conviction for the offense of aggravated assault on a public

servant with a deadly weapon out of the 84th Judicial District Court of Hutchinson County,

Texas, and the resultant fifty year sentence.  *See State v. Rodriguez*, No. 8792.  For the reasons

set forth, the United States Magistrate Judge is of the opinion petitioner's application for federal

habeas corpus relief should be DENIED.

I.
PROCEDURAL BACKGROUND

Petitioner was charged by indictment with one count of aggravated assault on a public

servant with a deadly weapon (Count One) and one count of burglary of a building (Count 2).  At

trial, after the State presented its case in chief, the trial court granted defense counsel's motion

for a directed verdict as to the burglary charge (Count Two).  4 R.R. 99-102.  On September 16,

2009, the jury found petitioner guilty of Count One and assessed petitioner's punishment at 50-

years imprisonment.

      Petitioner filed a notice of appeal on October 6, 2009 and argued on direct appeal that the

evidence was insufficient to support the judgment, and that the failure of the trial court to obtain

a plea to the enhancement paragraphs was reversible.  The Seventh Court of Appeals affirmed

Petitioner's conviction and sentence in an unpublished opinion on November 9, 2010.

*Rodriguez v. State*, No. 07-09-00319-CR.  Petitioner then filed a petition for discretionary review

(PDR) which was refused by the Texas Court of Criminal Appeals on June 8, 2011.  *Rodriguez*

*v. State*, P.D.R. No. 013-11.

      On September 19, 2011, Petitioner filed his first state habeas application, WR 76,658-01.

In that first state application, Petitioner raised the following grounds, all relating to ineffective

assistance of counsel.  Petitioner contended he was denied effective assistance of counsel at trial

because counsel failed to (1) address the fundamentally defective indictment as to count two

charging burglary of a building, (2) protect petitioner from double jeopardy and extraneous

offense evidence by failing to sever count one and count two of the indictment; (3) address

"misjoinder" of offenses; (4) investigate any exculpatory witness or evidence; (5) failed to

preserve trial error regarding lesser included offenses of deadly conduct and reckless driving; (6)

preserve trial error regarding improper jury argument; (7) preserve error regarding trial court's

failure to correct error in jury charge concerning the burden of proof; and (8) preserve error

concerning enhancement allegations.

The Court of Criminal Appeals denied Petitioner's first state application without written order on November 9, 2011.  On February 8, 2012, Petitioner filed a second state writ application.  However, the second application was dismissed as subsequent on February 15, 2012.  On August 27, 2012, Petitioner filed a "Motion for Extension of Time to File Habeas Corpus Pursuant to 28 U.S.C. § 2254" in this Court, which was denied.  On September 14, 2012, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. 2254 using the form approved by the United States District Court for the Northern District of Texas.  On December 28, 2012, Respondent filed an answer to the Petition.  On February 22, 2013, Petitioner filed his traverse in reply to respondent's answer and since filing that traverse, petitioner has submitted and/or filed numerous pleadings.

II.
PETITIONER'S ALLEGATIONS

The Court understands Petitioner to raise the following grounds in his petition:

1. He was denied a fair and impartial trial under the Sixth Amendment and the Texas Constitution because:

   a. He was prejudiced because the indictment was fundamentally defective.
   b. He was not allowed to testify on his own behalf on Count One of the indictment.
   c. He was prejudiced when Count Two was dismissed at the end of the guilt-innocence phase of trial.
   d. He was prejudiced when the trial court failed to instruct the jury on a lesser included offense not requested by defense counsel.
   e. He was prejudiced "when he lost the protections of Rule of Evidence 404(b)" by the trial court's limiting instructions.
   f. He was prejudiced when the state misquoted the statute on reasonable doubt and indirectly commented on the Petitioner's failure to testify and aroused the passion of the jury.
   g. He was prejudiced by the misjoinder of offenses presented in his indictment.

2.        The trial court erred during state habeas review when it failed to make findings of fact or conclusions of law, and failed to hold an evidentiary hearing or otherwise allow Petitioner to develop the record.

3.        He received ineffective assistance of trial counsel when his attorney failed to:

      a.      investigate the relevant facts, witnesses, and laws applying to the case;
      b.      address the fundamentally defective indictment as to Count Two;
      c.      move to have the "misjoined" offenses severed;
      d.      preserve error regarding improper jury arguments made by the state and trial court, as well as the jury charge during punishment phase; and
      e.      request lesser-included offense instructions for reckless driving or deadly conduct.

### III.
### STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act, a petitioner may not obtain habeas corpus relief in federal court with respect to any claim adjudicated on the merits in state court proceedings unless the adjudication of the claim resulted in a decision contrary to clearly established federal constitutional law or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).

The Texas Court of Criminal Appeals heard and adjudicated, on the merits, the claims Petitioner now presents in his federal habeas corpus petition when it denied petitioner's application for state habeas relief without a written order. *Ex Parte Rodriguez*, WR 76,658-01; *see Harrington v. Richter*, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Petitioner's burden before this Court is significantly heightened in that petitioner cannot prevail even if he shows the state court's determination was incorrect. Petitioner must also show the state court unreasonably applied federal law or made an unreasonable determination of the facts. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert.*

*denied, Neal v. Epps*, 537 U.S. 1104, 123 S.Ct. 963, 154 L.Ed.2d 772 (2003).  This means that to

obtain relief, "a state prisoner must show that the state court's ruling on the claim being

presented in federal court was so lacking in justification that there was an error well understood

and comprehended in existing law beyond any possibility for fairminded disagreement."  *White*

*v. Woodall*, —— U.S. ——, 134 S.Ct. 1697 (2014) (citing *Harrington v. Richter*, 562 U.S.—, —,

131 S.Ct. 770, 786-787 (2011)).

IV.

MERITS

The following is a statement of facts as summarized by the Seventh Court of Appeals in

its opinion affirming the conviction:

> On November 9, 2008, Sergeant Josh Akins of the Fritch
> Police Department was on duty conducting traffic patrol in Fritch,
> Texas.  Akins's attention was drawn to the Taylor Mart where he
> observed a male carrying a trash can to the front of the store.  Since
> it was 12:30 a.m. and the store was closed, Akins found this to be
> suspicious conduct.  As Akins continued to observe the store, he
> observed another male throw something through the door, and then
> the first male went into the store.  Realizing that he was observing
> a burglary in progress, Akins called for a backup unit and proceeded
> without any emergency lights or siren to go to the front of the store.
> As Akins pulled up to the front of the store, both individuals began
> running away.  Akins proceeded to pursue them on foot while giving
> verbal commands for them to stop.  Akins later identified the first
> man as the co-defendant, Jose Martinez.  The second male, the one
> who entered the store, was eventually identified as appellant.  He
> eventually stopped Martinez by telling him to stop or he would
> "taze" him.  As Akins was putting the handcuffs on Martinez, he
> observed appellant go around the corner toward the back of the
> store.
>
> While continuing to attempt to get the hand-cuffs on
> Martinez, Akins noticed a vehicle, later identified as a golden colored
> Pontiac Firebird.  Akins realized that the dome light in the
> interior of the vehicle was on.  That struck him as unusual, and he
> decided that, after cuffing Martinez, he would approach the vehicle.

Akins observed appellant run from the back of the store to the vehicle and begin searching through the car.  Fearing appellant was looking for a weapon and knowing Martinez did not have any weapons on him, Akins approached the vehicle.  Akins began drawing his weapon as he approached the vehicle.  While approaching the vehicle, Akins told appellant not to move.  Akins ended up in front of the driver's side of the car looking directly at appellant.  Akins testified that the uniform he was wearing at trial was the same uniform he had been wearing during the encounter with appellant.

At the moment Akins was in front of the car, appellant "gunned" the car.  Akins testified that the car spun its tires, and he jumped to the side to avoid the vehicle.  The rear of the car came directly at Akins, and he had to again step out of the way.  Akins testified that he was afraid that the car was going to hit him.  As the car left, Akins fired one round from his service revolver at the rear tire.  Appellant escaped and was not identified and captured until several days later.  Appellant was charged with aggravated assault on a public servant.

During the State's presentation of evidence, co-defendant Martinez was called as a witness.  Martinez testified that, after he had handed the trash can to appellant inside the store, he stayed outside to act as a lookout.  Martinez observed Akins driving toward the store and told appellant, "There is a cop behind us."  It was at this time that both Martinez and appellant tried to flee.

Prior to the trial, the State filed a notice to seek enhancement of felony punishment range of the aggravated assault on a public servant count in the indictment.  In the notice, the State alleges that appellant has three prior felony convictions.  After the jury found appellant guilty of aggravated assault on a public servant, the State offered evidence to prove up the three prior felony convictions.  However, the prior felony convictions were not read to the jury, nor did appellant enter any type of plea to these prior convictions, before the State offered proof of the priors.  The Court's Charge on Punishment did contain the allegations of the three prior felony convictions and an application paragraph as to those prior convictions.  The jury subsequently returned a verdict of confinement in the ID-TDCJ for 50 years with a fine of $10,000.

*1.Denial of fair and impartial trial*

In his first ground for review, Petitioner argues he was denied a fair and impartial trial under the Sixth Amendment of the U.S. Constitution and also the Texas Constitution for reasons other than ineffective assistance of counsel (which is alleged in ground three of his petition). Respondent contends that while any claims that are ineffective assistance of counsel claims in ground one appear to be exhausted, the allegations in ground one which allege deficiencies other than ineffective assistance of counsel (such as trial court error), have not been sufficiently exhausted as required by 28 U.S.C. § 2254(b), (c), and consequently, such grounds should be dismissed with prejudice as procedurally barred.  Respondent further contends that, because one or more of petitioner's claims is exhausted and one ore more of the claims is unexhausted, the petition must be dismissed as "mixed", citing *Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198, 1205, 71 L. Ed. 2d 379  (1982).  Respondent's reliance on *Rose* is misplaced because *Rose* was abrogated by passage of the AEDPA.  *See, e.g.*, *Rhines v. Weber*, 544 U.S. 269, 275-76, 125 S. Ct. 1528, 1534, 161 L. Ed. 2d 440 (2005).  Courts are no longer required to dismiss mixed petitions; instead, in "limited circumstances" courts may grant a stay and abeyance where "there was good cause for the petitioner's failure to exhaust his claims," and the "unexhausted claims are [not] plainly meritless."  *Id.* at 277, 125 S. Ct. at 1535.  If a stay and abeyance is not proper, then courts "should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief."  *Id.* at 278, 125 S. Ct. at 1535.  Moreover, the AEDPA, allows the court, at its discretion, to deny any unexhausted claim on its merits.  28 U.S.C. § 2254(b)(2)

("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

In his traverse to Respondent's Answer, petitioner disagrees that any portion of his ground one claims are unexhausted, arguing that "this claim is 'identical'" to the ineffective assistance of counsel claims raised in his first state writ, and that the only difference is the "burden of guilt." *Traverse* p. 1.  Although petitioner's argument is not clear, he appears to assert that since the substance of some or all of the claims in ground one were presented as ineffective assistance claims during state habeas, then these claims in ground one should be considered as exhausted.  Petitioner also argues that although he may not have specifically alleged trial court error in his first state writ, he did assert not only the same, but in fact made a clearer argument in his "Supplemental Memorandum in Support" of his subsequent 11.07 petition.  Petitioner claims that the state habeas court was aware of his claim that the trial court had erred when he raised it in terms of his ineffective assistance of counsel claims in his first state writ application.  Petitioner's arguments are without merit.

With the exception of his reliance on *Rose v. Lundy*, discussed previously, Respondent has thoroughly set out the issues and law as it relates to Petitioner's failure to exhaust his state court remedies with respect to ground one.[1]  In addition, Petitioner acknowledged his second state writ application was filed, in part, to provide a "clearer argument."  Petitioner has not exhausted the claims set out under ground one and he failed to show good cause for his failure to exhaust those claims through the available state court remedies.  He is procedurally barred from

---

[1]The Court notes that a stay and abeyance would not be proper because Petitioner states that he has already attempted to assert the allegedly unexhausted claims in the second state writ application which was dismissed as subsequent pursuant to Tex. Code Crim. Proc. art. 11.07, § 4(a) - (c).

raising such claim in this federal habeas corpus petition and ground one should be dismissed as unexhausted.

### 2.  State Habeas Review

In ground two, Petitioner argues he was not provided adequate state habeas corpus review because the state court failed to make findings of fact or conclusions of law, and failed to hold an evidentiary hearing or otherwise allow Petitioner to develop the record.  It is well settled that "infirmities in state habeas corpus proceedings do not state a claim for federal habeas corpus relief.  *Vail v. Procunier*, 747 F.2d 277 (5th Cir.1984); *see also, Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir.1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (citations omitted).   Petitioner's ground two should be denied.

### 3. Ineffective Assistance of Counsel

By his third ground, petitioner claims his trial counsel failed to:

      a.      investigate the relevant facts, witnesses, and laws applying to the case;

      b.      address the fundamentally defective indictment as to Count Two;

      c.      move to have the "misjoined" offenses severed;

      d.      preserve error regarding improper jury arguments made by the state and trial court, as well as errors in the jury charge during the punishment phase; and

      e.      request lesser-included offense instructions for reckless driving or deadly conduct;

The proper standard for judging this ground is enunciated in *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).  Under the two-pronged

*Strickland* standard, a petitioner must show defense counsel's performance was both deficient and prejudicial. *Id.* at 687, 104 S.Ct. at 2064. An attorney's performance was deficient if the attorney made errors so serious the attorney was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution. *Id.* That is, counsel's performance must have fallen below the standards of reasonably competent representation as determined by the norms of the profession. A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption counsel's performance falls within the wide range of reasonable professional assistance. *Id.* at 689, 104 S.Ct. at 2065. A strong presumption exists "that trial counsel rendered adequate assistance and that the challenged conduct was reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) (citing *Strickland*, 466 U.S. at 694, 104 S.Ct. At 2068). This is a heavy burden which requires a "substantial," and not just a "conceivable," likelihood of a different result. *Harrington v. Richter*, 562 U.S.__, 131 S.Ct. 770, 787, 178 L.Ed.2d 624 (2011); *see also Cullen v. Pinholster*, 563 U.S.__, 131 S.Ct. 1388, 1403, 179 L.Ed.2d 557 (2011).

Additionally, a petitioner must show counsel's deficient performance prejudiced the defense. To establish this prong, a petitioner must show counsel's errors were so serious as to deprive petitioner of a fair trial. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Specifically, to prove prejudice, a petitioner must show "(1) there is a reasonable probability that, but for counsel's unprofessional errors, the ultimate result of the proceeding would have been different . . . and (2) counsel's deficient performance rendered the trial fundamentally unfair." *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right

to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993).  A showing of significant prejudice is required.  *Spriggs v. Collins*, 993 F.2d 85, 88 n. 4. (5th Cir.1993).  If a petitioner fails to show either the deficiency or prejudice prong of the *Strickland* test, then the Court need not consider the other prong.  *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069.

In the context of § 2254(d), the deferential standard that must be accorded to counsel's representation must also be considered in tandem with the deference that must be accorded state court decisions, which has been referred to as "doubly" deferential.  *Harrington v. Richter*, ⸺ U.S. ⸺, 131 S.Ct. 770, 788, 178 L.Ed.2d 624 (2011).  "When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." *Id.*  "If the standard is difficult to meet, that is because it was meant to be." *Id*. at 786; *see also Morales v. Thaler*, 714 F.3d 295, 302 (5th Cir. 2013).  The absence of evidence cannot overcome the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance" and cannot establish that performance was deficient.  *Burt v. Titlow,* ___ U.S.___, 134 S.Ct. 10, 187 L. Ed. 2d 348 (2013).

This ineffective assistance of counsel claim was adjudicated on the merits in a state court proceeding, and the denial of relief was based on a factual determination that will not be overturned unless it is objectively unreasonable in light of the evidence presented in the state court proceeding.  *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041 (2003).  A state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.  *Burt*, 134 S. Ct. at 15.  Section

2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The petitioner has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485. When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d at 472; *Singleton*, 178 F.3d at 384 (recognizing this Texas state writ jurisprudence).

### *Failure to Investigate*

Petitioner complains trial counsel failed to investigate the facts and relevant laws applying to his case, as well as potential witnesses. The State argues Petitioner's allegations are without merit because Petitioner failed to establish that counsel was deficient, and has not demonstrated that but for counsel's alleged failures, the outcome of the proceeding would have been different.

When a petitioner complains that his attorney failed to investigate, he must show what an investigation would have uncovered; what witnesses could have testified and the substance of their testimony; and how the evidence or testimony would have altered the outcome of the trial. *See United States v. Green,* 882 F.2d 999, 1003 (5th Cir. 1989) (holding that a petitioner alleging failure to investigate must demonstrate with specificity what the investigation would have revealed and how it would have altered the outcome); *Alexander v. McCotter,* 775 F.2d 595, 602 (5th Cir. 1985) (holding that a petitioner must identify the witness, show the gist of his testimony, demonstrate that such testimony would have been favorable to petitioner's case, and allege that the witness would have testified). Without a specific, affirmative showing of what missing evidence or testimony would have been entered if counsel had properly investigated, a

habeas court cannot assess whether counsel's performance was deficient. *Anderson v. Collins,* 18 F.3d 1208, 1221 (5th Cir. 1994).

Petitioner's allegations about counsel's failure to investigate and prepare for trial are conclusory.  Petitioner asserts counsel's failure to investigate allowed testimony concerning an allegedly incorrect police report to be given, prevented him from discovering that dispatcher conversations had allegedly been hidden, and prevented the discovery of other impeachment evidence "that would have shown that the charging officer could not identify the petitioner, unlike his testimony."  *See Pet.* p. 12.  Petitioner did not, however, "allege with specificity what [any further] investigation would have revealed and how it would have altered the outcome of the trial."  *Lockett v. Anderson,* 230 F.3d 695, 713 (5th Cir. 2000) (quoting *United States v. Green,* 882 F.2d 999, 1003 (5th Cir. 1989)).   Conclusory allegations that counsel failed to reasonably investigate and present exculpatory evidence without specifying the evidence which would have been found is insufficient to show ineffective assistance of counsel.  *West v. Johnson,* 92 F.3d 1385, 1400 (5th Cir. 1996).

As for complaints about uncalled witnesses, Petitioner did not identify any witness by name or provide an affidavit from any of the witnesses; he did not provide a specific statement of the contents of the proposed testimony of any unidentified witnesses; and he did not show that the witnesses would, in fact, have testified favorably in his behalf.  *Alexander v. McCotter,* 775 at 602.  *See Harrison v. Quarterman,* 496 F.3d 419, 428 (5th Cir. 2007) (citations omitted) ("Ordinarily, a defendant's failure to present some evidence from the uncalled witness regarding that witness's potential testimony and willingness to testify would be fatal to an ineffective assistance of counsel claim."); *Evans v. Cockrell,* 285 F.3d 370, 377 (5th Cir. 2002)

("[C]omplaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what the witness would have testified are largely speculative.").  Petitioner's "conclusory speculation about the effect of [any] unidentified favorable witness[es'] testimony falls far short of the prima facie showing of prejudice."  *Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001).

*Defective Indictment / Failure to Sever Offenses*

Petitioner's complaints concerning the indictment can be summarized as follows:  (1) the indictment was defective on its face because count two failed to charge an offense; (2) trial counsel should have filed a motion to quash the indictment prior to trial or otherwise sought to sever the offenses; and (3) counsel's failure to file a motion to quash or sever the offenses prior to trial allowed the jury to consider evidence that might otherwise not have been presented, if count two been dismissed prior to trial.  Stated differently, Petitioner argues he was prejudiced by counsel's failure to obtain a dismissal of count two prior to trial, or have the two counts severed and tried separately, because the jury was permitted to consider evidence irrelevant to count one alone.

The State contends trial counsel was not ineffective because a motion to quash would have been futile because there is no evidence that the indictment was defective on its face. Moreover, the State points to the record to demonstrate that at the close of State's evidence, trial counsel did seek and was granted a directed verdict on count two; arguing both that there was no evidence on the element of "without effective consent" and that count two was defective. Finally, the State argues that Petitioner has wholly failed to establish that having both offenses

tried in a single trial was inherently prejudicial or unfair, and that Petitioner cannot show he was prejudiced by the failure to sever the offenses.

The sufficiency of a state indictment is not a basis for federal habeas relief unless the indictment is so defective that it deprives the convicting state court of jurisdiction. *Riley v. Cockrell*, 339 F.3d 308, 313-14 (5th Cir.2003). Whether the indictment is sufficient to confer jurisdiction on the state trial court is a matter of state law. *McKay v. Collins*, 12 F.3d 66, 69 (5th Cir.1994) (*citing Lavernia v. Lynaugh*, 845 F.2d 493 (5th Cir.1988); *Bueno v. Beto*, 458 F.2d 457 (5th Cir.1972)). "Where the state courts have held that an indictment is sufficient under state law, a federal court need not address that issue." *Id*. at 68 (*citing Millard v. Lynaugh*, 810 F.2d 1403 (5th Cir.1987); *Alexander*, 775 F.2d at 598). Because Petitioner raised this issue in his state habeas application, the Texas Court of Criminal Appeals has already considered the sufficiency of the indictment as it relates to his ineffective assistance of counsel claims, and "in declining to grant relief 'necessarily, though not expressly, held that the Texas courts have jurisdiction and that the indictment is sufficient for that purpose.'" *Id*. at 68 (*quoting Alexander*, 775 F.2d at 599). This court defers to the state court's decision, and finds that counsel's performance was not defective in failing to move to dismiss or quash Count Two of the indictment.

With respect to petitioner's claim that his attorney should have moved to sever the charges against him, the Fifth Circuit has held that when severance is not required as a matter of law, counsel's failure to seek such relief does not constitute incompetency. *United States v. Garza*, 563 F.2d 1164, 1166 (5th Cir. 1977). The Fifth Circuit noted that when severance is not

required as a matter of law, the failure to seek such relief can amount to nothing more than a "mistaken tactical decision." *Id.*

Petitioner fails to show that severance was required as a matter of law. *Id.* Article 21.24 of the Texas Code of Criminal Procedure states that two or more offenses may be joined in a single indictment, with each offense stated in a separate count, if the offenses arise out of the same criminal episode, as defined by Chapter 3 of the Penal Code. Texas Code Crim. Proc. art. 21.24. The two counts of Petitioner's indictment were based on the same criminal episode. Thus, they were properly brought and tried as separate counts of a single indictment. Moreover, under Texas law, Petitioner had no absolute right to a severance. Tex. Penal Code Ann. § 3.04(c) (Vernon 2005). Even assuming that if counsel had moved for a severance and made the requisite showing, Petitioner could have been tried separately and found guilty of count two in a separate trial, potentially resulting in the possibility that Petitioner's sentences would be imposed to run consecutively. *Id.* § 3.04(b).

Further, even if trial counsel had objected to the indictment prior to trial, there is no reason to believe that the State would not have sought an amendment or reindictment to correct any error. Under these circumstances, Petitioner has not shown his counsel's failure to file a motion to quash the indictment or seek to sever the offenses was unreasonable. *See Brown v. Cain*, 337 F.3d 546, 549-50 (5th Cir. 2003)(finding no ineffective assistance of counsel for failure to file a motion to quash the indictment, where the effect of a successful motion would have simply caused the State to obtain a second indictment to correct the error).

Absent a showing that counsel failed to file a meritorious motion and that the outcome of the trial would have been different, the petitioner fails to demonstrate deficient performance or

actual prejudice. *See Parr v. Quarterman*, 472 F.3d 245, 256 (5th Cir.2006) (holding that counsel was not deficient in failing to present a meritless argument) (citation omitted); *Smith v. Puckett*, 907 F.2d 581, 585 n. 6 (5th Cir.1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim."); *Lavernia v. Lynaugh*, 845 F.2d 493, 499 (5th Cir.1988) ("Counsel cannot be faulted for failing to pursue meritless motions.") (citations omitted); *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir.1984) ("Counsel is not required to engage in the filing of futile motions.").

In addition to all of the reasons set out above, petitioner's complaints under this ground are based upon a faulty premise. Petitioner assumes that if a motion to dismiss the burglary count (Count 2) had been made, it would have been granted and Petitioner would not have been prosecuted for the burglary. There is no guarantee, however, that he would not have been prosecuted on a new indictment which more accurately charged the offense. Secondly, the facts of the burglary were part of the *res gestae* of the aggravated assault of a public servant charge, and the evidence relating to the burglary was admissible to provide context. *See Gordon v. Johnson*, 189 F.3d 468 (5th Cir. 1999); *See also Gaines v. State*, 789 S.W.2d 926, 930 (Tex. App. – Dallas, 1990). Petitioner has established neither the requisite deficient performance nor actual prejudice for purposes of making a valid ineffective-assistance claim with respect to his complaints about the indictment. Accordingly, Petitioner fails to show that the state court's decision to deny relief was unreasonable under *Strickland*.

### *Improper Jury Argument*

Petitioner next contends counsel was ineffective because he failed to object to certain portions of the State's jury argument; specifically allegedly inaccurate comments on reasonable

doubt, and a reference to Petitioner's failure to testify, as well as comments that "victimized and insinuated the jury had no common sense if they did not convict the petitioner." *See Pet. p. 13.* Respondent argues that such objections would have been meritless, and in any case, Petitioner's allegations that counsel failed to preserve error on this point are conclusory.

The Court has reviewed the record and finds that Petitioner failed to demonstrate that any of the jury summation comments referenced, even if arguably improper in the first instance, would have resulted in a mistrial if objected to. Moreover, Petitioner does not demonstrate that but for counsel's failure to object to the allegedly improper jury arguments, the outcome would have been different. For the reasons set forth above and in Respondent's Answer, the Court finds that Petitioner's allegations that counsel's failure to object or preserve error with respect to the State's jury arguments is conclusory and without merit.

*Enhancement Allegations and Jury Charge*

Petitioner next avers that counsel was ineffective for failing to object when the State allegedly waived the enhancement allegations, then instructed the jury to consider the enhanced allegations in the jury charge during the punishment phase. In his response, Respondent contends that Petitioner has failed to establish that the trial court erred, let alone that counsel was deficient for failing to object.

In his direct appeal, Petitioner raised the issue that "[t]he trial court abused its discretion and thereby deprived [him] of both due process and equal protection of law when it failed to follow the strictures of Article 36.01(a)(1), Texas Code of Criminal Procedure, by not reading the State's enhancement paragraphs to the jury and subsequently entering [Petitioner's] plea to the same." Appellant's Brief p. 4, *Rodriguez v. State of Texas*, No. 07-09-00319-CR. The

Seventh Court of Appeals found that there was no egregious harm shown because the failure to read the enhancement paragraphs or receive a plea to those paragraphs did nothing to alter the ultimate determination before the jury; namely the appropriate amount of prison time to which Petitioner should be sentenced.[2]  *See Rodriguez*, No. 07-09-00319-CR, slip op. at 7-11.

"Failing to plead to an enhancement does not render an enhancement void."  *Pope v. Director*, 2009 WL 3055397, (E.D. Tex. 2009).  When a defendant pleads "true" to an enhancement, the result is that the State no longer carries the burden of proving the enhancement.  *Skillern v. State*, 890 S.W.2d 849, 882 (Tex. App.–Austin 1994).  Here, Petitioner did not plead "true;" thus, the State still had to meet its burden of proving the enhancements true during the punishment phase of the trial.  Petitioner has failed to show that counsel was ineffective for failing to object to the lack of opportunity to plead to the enhancements.  Accordingly, Petitioner cannot show prejudice.

Furthermore, the Fifth Circuit has held that a court must determine whether there is a reasonable probability that, but for trial counsel's errors, the defendant's non-capital sentence would have been significantly less harsh.  *See Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993).  The Fifth Circuit outlined four factors to make this determination:  1) the actual amount of the sentence imposed by the judge or jury;  2) the minimum and maximum sentences possible;  3) the relative placement of the sentence actually imposed within that range; and 4) the various relevant mitigating and aggravating factors that were properly considered by the sentencing entity.  *Id*. at 88–89.

---

[2]Respondent included the appellate court's analysis on this count in his Answer and the Court does not repeat it here.

The State offered proof of the enhancements to the jury and the jury found them to be true and sentenced Petitioner to fifty (50) years imprisonment.  Without the enhancements, the sentence range for a first-degree felony is 5 to 99 years or life imprisonment.  Tex. Penal Code § 12.32.  With the enhancements, the possible sentence range was 25 to 99 years, or life imprisonment.  Tex. Penal Code § 12.42(d).  Petitioner's punishment fell in the middle range of the punishment range of 5 to 99 years without the enhancements, and the lower to middle range of the punishment range of 25 to 99 years with the enhancements.  In either circumstance, the sentence received was legal.  Accordingly, Petitioner cannot show prejudice for counsel's failure to preserve error.  Petitioner has not shown that, but for counsel's alleged deficiency, the result of the proceedings would have been different.  *Strickland*, 466 U.S. at 694.

*Lesser Included Offenses*

Petitioner next contends counsel was ineffective for failing to request jury instructions as to potential lesser included offenses of reckless driving or deadly conduct.  Respondent contends this claim is without merit because neither reckless driving or deadly conduct are included within the proof necessary to establish aggravated assault on a public servant with a deadly weapon.

In determining whether a defendant is entitled to an instruction charging a lesser-included offense, the defendant must satisfy a two part test.  *Pin v. Dretke*, 2005 WL 2453034 at *9 (N.D. Tex. 2005).  First, the lesser included offense must be included within the proof necessary to establish the offense charged, and, second, some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense.  *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex.Crim.App.1993)).  If there is such evidence permitting a jury to find the defendant guilty of a lesser offense, a jury charge must be

given on that evidence whether it was "produced by the state or by the defendant and whether it be strong, weak, unimpeached, or contradicted." *Rousseau*, 855 S.W.2d at 672 (citations omitted).

To satisfy the first prong of the *Rousseau* test, "the state courts look to the offenses actually charged in the indictment ... and the elements of the charged offense and the alleged lesser included offense." *Id.* (citing *Jacob v. State*, 892 S.W.2d 905, 907–08 (Tex.Crim.App.1995)). In this case, Petitioner was charged in count one of the indictment as follows: "intentionally and knowingly use a deadly weapon, to wit: an automobile, that in the manner of its use and intended use was capable of causing death and serious bodily injury; and did then and there intentionally and knowingly threaten Josh Akins, with imminent bodily injury by the use of said deadly weapon. And the said defendant then and there knew the said Josh Akins was a public servant, to wit: An officer with the Fritch Police Department, and the said offense was committed while Josh Akins was lawfully discharging an official duty, to wit: attempting to detain the defendant."

The Texas Court of Criminal Appeals has recently determined that reckless driving is not a lesser-included offense of aggravated assault with a deadly weapon, because the element of driving can not be deduced from the indictment. *Rice v. State*, 333 S.W.3d 140, 145 (Tex. Crim. App. 2011). Because reckless driving is not a lesser included offense of aggravated assault with a deadly weapon, it stands to reason that it would not be a lesser included offense of aggravated assault with a deadly weapon of a public servant.

Turning to Petitioner's contention that he was entitled to a jury instruction for the lesser included offense of deadly conduct, he appears to satisfy the first step of Texas' two-step test in

that the elements required to prove deadly conduct are included within the proof necessary to establish the charged offense of aggravated assault of a public servant with a deadly weapon.

The Texas Penal Code defines deadly conduct as, recklessly engaging in conduct that places another in imminent danger of serious bodily injury.  See Tex. Pen. Code Ann. § 22.02. A person acts recklessly when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or that the result will occur.  The risk must be of such a nature and degree that its disregard constitutes gross deviation of the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.  Tex. Penal Code § 6.03(c).  As previously stated, count one of the indictment in this case charged Petitioner with intentionally and knowingly threatening Josh Akins, with imminent bodily injury; it also states that Petitioner used or exhibited a deadly weapon, a motor vehicle, that in the manner of its use or intended use was capable of causing death or serious bodily injury.  The indictment also alleged that Petitioner knew that Akins was a public servant, and that the offense was committed while Akins was lawfully discharging an official duty.  CR p. 12. A comparison of the elements of the offense stated in count one of the indictment to the elements of deadly conduct establishes that deadly conduct appears to be a lesser-included offense by proof of the same or fewer elements than all the facts to establish the aggravated assault.  *See Guzman v. State*, 188 S.W. 3d 185, 190 (Tex. Crim. App. 2006) (alleged act of threatening to cause bodily injury to complainant with deadly weapon is an act that would place complainant in imminent danger of serious bodily injury).

Assuming, without deciding, that the same can be said for the offense of aggravated assault of a public servant with a deadly weapon, Petitioner must satisfy both of Texas'

requirements to be entitled to a lesser-included offense instruction.  In order to meet the second

requirement, Petitioner must show that the record contains some evidence that would permit a

jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense.  *Hall*

*v. State*, 225 S.W. 3d at 536.  The lesser offense must be a valid rational alternative to the

charged one.  *Arevalo v. State*, 943 S.W. 2d 887, 889 (Tex. Crim. App. 1997).  Anything more

than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge.  *Ferrel v. State*,

55 S.W.3d 586, 589 (Tex. Crim. App. 2001).  At stake in this case then, is whether there is a

scintilla of evidence that would show that Petitioner only acted recklessly and in wanton and

wilful disregard of Officer Akin's safety such that his offense could be construed as mere deadly

conduct or whether he intentionally and knowingly used his vehicle in a manner intended to

cause serious bodily injury to Akin, who he knew to be a public servant.

An examination of the entire record reveals that there is no evidence that would support a

charge of deadly conduct or suggest that if Petitioner is guilty, he is guilty only of deadly

conduct.  Testimony given by the victim, Officer Josh Akins, supported the charge of aggravated

assault of a public servant with a deadly weapon.  Akins testified that when he was standing in

front of the vehicle with his gun drawn, Petitioner looked directly at Akins, "gunned" the engine,

and then "pressed the accelerator hard enough for the back tires to be spun," and that Petitioner

"came at [him] at an accelerated speed."  3 RR 164.  Akins further testified that he had to jump

out of the way of the vehicle, and that he was in fear that the vehicle was going to strike him.  3

RR 164-165.  Such testimony strongly supports the charge of aggravated assault of a public

servant with a deadly weapon, and does not point to a charge of deadly conduct.  Petitioner has

not identified any evidence that supports a finding that he was guilty only of deadly conduct.

Because Petitioner was not entitled to a lesser-included offense instruction on reckless driving or deadly conduct, his attorney cannot be found ineffective for failing to request one.

For these reasons and the reasons set forth in Respondent's Answer, the Court finds that Petitioner has not demonstrated that the state court's adjudication of his ineffective-assistance-of-counsel complaints was contrary to or an unreasonable application of clearly established Supreme Court law.

V.
RECOMMENDATION

Petitioner has failed to present any meritorious claim warranting federal habeas corpus relief.  Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner DAVID TULIO RODRIGUEZ be DENIED.

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _____30th_____ day of May 2014.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).